# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 15-963V
Filed: January 15, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| LAURA GOLDSTEIN, | |
| Petitioner, | Damages Decision Based on Proffer; Influenza ("Flu") Vaccination; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian J. Muller, Muller Brazil LLP, Dresher, PA, for petitioner.*
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On September 2, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered from shoulder injuries which were caused-in-fact by an influenza vaccination she received on January 8, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 15, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ["SIRVA"]. On January 14, 2016, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $100,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Respondent further proffered that petitioner shoulder be awarded $16,559.18 for attorneys' fees and costs. Proffer at 1. In accordance with General Order #9, the Proffer indicates that petitioner represents that she incurred no out-of-pocket expenses. The Proffer further indicates that petitioner agrees with the proffered award. The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards**

**A. A lump sum payment of $100,000.00 in the form of a check payable to petitioner, Laura Goldstein. This amount represents compensation for all damages that would be available under § 300aa-15(a).**

**B. A lump sum payment of $16,559.18[3] in the form of a check jointly payable to petitioner and petitioner's counsel, Maximillian J. Muller, Esq., for attorneys' fees and costs.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                          **s/Nora Beth Dorsey**
                                          Nora Beth Dorsey
                                          Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| LAURA GOLDSTEIN, | ) | |
| | ) | |
| Petitioner, | ) | No. 15-963V |
| | ) | Chief Special Master |
| v. | ) | Nora Beth Dorsey |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on January 14, 2016.

    A.     Damages

Respondent proffers that petitioner should be awarded $100,000.00. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

    B.     Attorneys' Fees and Costs

Petitioner has supplied documentation of reasonable attorney's fees and litigation costs in the amount of $16,559.18, incurred in pursuit of this petition. In compliance with General Order #9, petitioner has indicated that she did not incur any out-of-pocket expenses in proceeding on the petition. Respondent proffers that petitioner should be awarded $16,559.18, for attorneys' fees and costs. Petitioner agrees.

**II.     Form of the Award**

The parties recommend that compensation provided to petitioner should be made through

lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

    A. A lump sum payment of $100,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner; and

    B. A lump sum payment of $16, 559.18, in the form of a check payable to petitioner and petitioner's attorney, Maximillian J. Mueller, Esq., for attorneys' fees and costs. Petitioner agrees to endorse this payment to her attorney.

### III.   Summary of Recommended Payments Following Judgment

| | | |
|---|---|---|
| A. | Lump sum paid to petitioner: | **$100,000.00** |
| B. | Reasonable Attorney's Fees and Costs: | **$16,559.18** |

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

|  |  |
|---|---|
|  | s/Linda S. Renzi |
|  | LINDA S. RENZI |
|  | Senior Trial Counsel |
|  | Torts Branch, Civil Division |
|  | U.S. Department of Justice |
|  | P.O. Box 146 |
|  | Benjamin Franklin Station |
|  | Washington, D.C. 20044-0146 |
| Dated: January 14, 2016 | Telephone: (202) 616-4133 |

-3-